IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CREEKWOOD REAL ESTATE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-188-M-BR |
| | § | |
| MOUNT VERNON FIRE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Creekwood Real Estate, LLC's ("Plaintiff") Motion to Limit or Exclude Defendant's Expert Testimony. (ECF 36). Having considered Plaintiff's Motion, Defendant Mount Vernon Fire Insurance Company's ("Defendant") Response, (ECF 45), Plaintiff's Reply, (ECF 46), the relevant law, and for the reasons that follow, Plaintiff's Motion is DENIED.[1]

## I.   BACKGROUND

On July 29, 2019, an insurance policy for 4310 S. Western Street in Amarillo, Texas entered into effect. (ECF 41 at 8). The policy, issued by Defendant, covered a shopping complex owned by Plaintiff. (*Id.* at 7). A short time later, Defendant advised Plaintiff that repairs would be required to a section of the building in order for the policy to continue. (*Id.* at 8). Those repairs were completed in late 2019. (*Id.*). The next year, on June 19, 2020, a significant weather

---

[1] The undersigned issues this final determination of the Motion pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72 of the Federal Rules of Civil Procedure, and the Standing Order of Reference. (ECF 5).

event struck the Amarillo area, causing what Plaintiff characterizes as "widespread roof damage" to homes and businesses. (ECF 38 at 7).

Plaintiff submitted a claim to Defendant on September 18, 2020 for $996,455.01 for roof replacement stemming from damage sustained in the storm. (ECF 41 at 8). In response, Defendant retained the services of Ernest Climer to inspect the property and investigate the claim. (*Id.* at 9). After receiving a report from Climer, Defendant retained Luis Espino, who concluded that 4310 S. Western had not been damaged by the June 19, 2020 storm. (ECF 38 at 8). Defendant then denied the claim and this action followed. (*Id.*).

## II. STANDARD

Rule 702 of the Federal Rules of Evidence allows experts to testify if their scientific or other specialized knowledge will help the trier of fact understand the evidence or determine a fact issue, their testimony is based upon sufficient facts and data, and is the product of reliable principles and methods appropriately applied to the facts of the case. Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court set out factors for courts to consider when evaluating such testimony. *Id.* at 592–94. Those include whether the theory or technique used can be tested, whether it has been subject to peer review and publication, whether it has a known or potential rate of error, whether there are controlling standards, and whether it is generally accepted. *Id.* Those factors, however, are not ultimately controlling and dispositive; instead, they only act as guides in service of the overall goal: "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). In the end, the test for determining to admissibility of expert witness testimony is a flexible one, *Black v. Food Lion, Inc.*, 171 F.3d

308, 311 (5th Cir. 1999), particularly given that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.  ANALYSIS

Plaintiff requests that Luis Espino, Defendant's retained engineer, be prohibited from testifying on two issues.[2] First, Plaintiff states that Espino's views on the size of hail a built-up roof can withstand before being damaged are unreliable. (*Id.* at 5). Second, Plaintiff asserts that the report upon which Espino bases some of his conclusions, a weather data amalgamation compiled by CoreLogic, a third-party company, is inadmissible because its underlying proprietary methodology cannot be disclosed or explained. (*Id.* at 6–7).

There are distinct concerns at play with the two portions of the Motion. Plaintiff alleges that Espino's theory on hail size and damage, which opines that a built-up roof of the type at issue here can withstand one and one half inch to two inch size hail before sustaining damage, is unreliable because its origin rests on a study of hail damage to roofs of a different type. (ECF 36 at 5). In addition, Plaintiff avers that Espino's theory is not generally accepted. *Id.*

Each of the complaints Plaintiff asserts against Espino's theory are of the type most suited to cross examination. If indeed Espino's views are not the consensus among experts, Plaintiff is free to elicit testimony to that effect from Espino or its own expert. Likewise, if other studies on roofs of a kind with that at issue here show results that contradict Espino's theory, those too would

---

[2] The undersigned pauses here to note that Plaintiff asserts a third matter in its Motion to Limit and Exclude, testimony regarding market value and value of the loss. (ECF 36 at 9). Because Plaintiff identifies neither a witness nor specific evidence as the target of its request, instead only pointing to evidence that is general in nature, that portion of the Motion is denied without prejudice to Plaintiff re-raising the issue in a motion in limine.

be proper for presentation at trial. In other words, the undersigned is satisfied that Espino's theory is fit to be presented to a jury and should be subject to cross examination, not exclusion.

As for the CoreLogic report, Plaintiff complains that the methodology, given that it is proprietary in nature, cannot be properly evaluated before a jury. (ECF 36 at 7). In contrast to Espino's theory, the CoreLogic report is somewhat opaque in nature. However, as this Court and at least one other in this division have concluded previously, frailties in one source of information used by an expert are not fatal to an expert's opinion as a whole or in part when multiple other sources are considered. *Panhandle Advertising, LLC v. United Rentals Realty, LLC*, 2021 WL 1112901, at *6 (N.D. Tex. Feb. 12, 2021) (Reno, J.) (citing *Arlington Southern Hills, LLC v. Am. Ins. Co.*, 51 F. Supp. 3d 681, 689–91 (N.D. Tex. 2014) (O'Connor, J.)).

The Court notes that reliability questions surround CoreLogic data, as raised by Plaintiff, (ECF 36 at 8–9), just as with the data at issue in *Arlington Southern*. 51 F. Supp. 3d at 693. Nevertheless, those questions are drowned out, at least to some degree, by the sheer volume of other source material consulted by Espino. (ECF 45 at 12). At any rate, reliability concerns of the nature raised by Plaintiff are more properly addressed by vigorous cross-examination, not exclusion.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion to Limit or Exclude Defendant's Expert Testimony, (ECF 36) is DENIED.

IT IS SO ORDERED.

ENTERED April 17, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE