IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CREEKWOOD REAL ESTATE, LLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 2:21-CV-188-M-BR |
| MOUNT VERNON FIRE INSURANCE COMPANY, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Plaintiff's Motion for Partial Summary Judgment, (ECF 37), Defendant's Motion for Summary Judgment, (ECF 40), and Defendant's Motion for Leave to File Objections and to Strike Affidavits, (ECF 55), have been referred to the undersigned for consideration and preparation of findings, conclusions, and recommendations. (ECF 5). Having considered the briefs, appendices, relevant law, and for the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that:

1. Defendant's Motion for Summary Judgment, (ECF 40), be granted in part and denied in part, as explained herein;

2. Plaintiff's Motion for Partial Summary Judgment, (ECF 37), be denied; and,

3. Defendant's Motion for Leave to File Objections and to Strike Affidavits, (ECF 55), be denied as moot.

**I.   BACKGROUND**

On July 29, 2019, Defendant issued an insurance policy for 4310 S. Western Street in Amarillo, Texas, that covered a shopping complex owned by Plaintiff. (ECF 41 at 7–8). A short

time later, Defendant advised Plaintiff that repairs would be required to a section of the building in order for the policy to continue. (*Id.* at 8). Those repairs were completed in late 2019 by employees of Plaintiff that the parties characterize as "farm hands [sic]." (*Id.*). The next year, on June 19, 2020, a significant weather event struck the Amarillo area, causing what Plaintiff characterizes as "widespread roof damage" to homes and businesses. (ECF 38 at 7).

Plaintiff submitted a claim to Defendant on September 18, 2020 for $996,455.01 for roof replacement stemming from damage sustained in the storm. (ECF 41 at 8). In response, Defendant retained the services of Ernest Climer to inspect the property and investigate the claim. (*Id.* at 9). After receiving a report from Climer, Defendant retained Luis Espino, who concluded that the property at 4310 S. Western had not been damaged by the June 19, 2020 storm. (ECF 38 at 8). Defendant then denied the claim, and this action followed. (*Id.*).

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. To determine whether there are any genuine issues of material fact, the Court must first ascertain the factual issues that are material under the applicable substantive law. *See id*.; *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994).

The Court must next review the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Lavespere*, 910 F.2d at 178; *Newell v. Oxford Mgmt., Inc.*, 912 F.2d 793, 795 (5th Cir. 1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (internal quotation marks omitted)); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose upon the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 n.7 (5th Cir. 1992) (Wisdom, J., dissenting). The Court should not weigh the evidence and determine the truth of the matter in determining whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citations omitted).

If "the movant bears the burden of proof on an issue, either because he is the plaintiff or, as a defendant, he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194 (emphasis in original). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No.

3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. 2007) (citing *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.,* 878 F.Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot*, 780 F.2d at 1194)).

In federal cases, "the party moving for summary judgment must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues." *Bank of America, N.A. v. Fulcrum Enterprises, LLC*, 20 F. Supp. 3d 594, 602 (S.D. Tex. May 19, 2014) (citations omitted). To be sure, while "federal law, clearly contemplates summary judgment in circumstances where there is truly no evidence," it is the movant's burden to bear. *Id.*

### III.  ANALYSIS

####   a.  Defendant's Motion for Summary Judgment[1]

#####     i.  Breach of Contract

In insurance contract disputes generally, insureds bear the initial burden of showing that there is coverage. *Guaranty Nat. Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998). Once an insured makes this showing, the burden shifts to the insurer to prove that the loss is covered by an exclusion in the policy. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010). If that burden is met, the burden returns to the insured, who must then show an exception to the exclusion applies. *Id.*; *see also Bible Baptist Church v. Church Mut.*

---

[1] Though Plaintiff's Motion for Summary Judgment, (ECF 37), was filed before Defendant's Motion for Summary Judgment, (ECF 40), the undersigned will take up Defendant's Motion first for reasons of analytical flow.

*Ins. Co.*, 2023 WL 1931912 (N.D. Tex. Jan. 18, 2023) (Reno, J.), *findings, conclusions, and recommendation adopted*, 2023 WL 1931350 (N.D. Tex. Mar. 13, 2023) (Kacsmaryk, J.). In the summary judgment context of this case, that means Defendant, as the movant on the breach of contract issue, must assert there is no genuine dispute of material fact on the question of existence of coverage and, if the analysis progresses to it, that the insured cannot adduce evidence on applicability of any exception to the asserted exclusion(s) to a degree such that a fact issue remains. *Id.*; *see also Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010).

Defendant first moves for summary judgment claiming that Plaintiff has not provided "reliable evidence capable of segregating damages alleged to have been caused during the policy period" from those damages attributable to events outside the policy period, (ECF 41 at 15), thereby invoking the concurrent causation doctrine. Plaintiff counters that Defendant has not shown an exclusion is applicable. (ECF 48 at 23).

The policy states that, *inter alia*, wear and tear, decay, deterioration, hidden or latent defect, and cracking are excluded from coverage. (ECF 42 at 71). However, the policy also states that "if an excluded cause of loss listed in 2.d.(1) through (7) results in a 'specified cause of loss' or building glass breakage, we will pay for the loss or damage caused by that 'specified cause of loss' or building glass breakage." (*Id.*). Wind and hail are among the phenomena listed to define 'specified cause of loss' in the policy. (*Id.* at 77). When pointed to this section, Defendant states that "no reasonable or logical interpretation of the policy could conclude that the parties contemplated a situation where 'wear and tear' caused 'hail' to occur." (ECF 56 at 12). At bottom, Defendant argues this clause must be read to require the wear and tear, or other excluded causes, *directly cause* the hail or wind, an impossibility.

Defendant's argument is nonsensical for two reasons. First, if the insurance contract were read in such a manner, the clause would never be applicable because wear and tear, cracking, or the like could not cause a 'specified cause of loss' within the meaning of the policy. This would render the clause mere surplusage, an outcome courts must strive to avoid. *Tex-Fin, Inc. v. Ducharne*, 492 S.W.3d 430, 440 (Tex. App.—Houston 2016, no pet.).

Second, Defendant's assertion runs counter to the Fifth Circuit's reading of an extremely similar provision in *General Acc. Inc. v. Unity/Waterford-Fair Oaks, Ltd.*, 288 F.3d 651 (5th Cir. 2002), wherein the court characterized such a clause as an "exception to" or "repeal of" an exclusion denying coverage. *Id.* at 656. Other courts have reached identical conclusions on nearly identical provisions. *Cameron v. Scottsdale Ins. Co.*, 726 Fed. App'x 757, 759-61 (11th Cir. 2018); *Spring Glen Apartments LLP v. Arch Specialty Insurance Co.*, 307 F. Supp. 3d 975, 981 (D.N.D. Apr. 3, 2018); *Ass'n of Apartment Owners of Imperial Plaza v. Fireman's Fund Ins. Co.*, 939 F. Supp. 2d 1059, 1072 (D.H.I. Apr. 9, 2013); *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wash.2d 501, 514 (2012) (The ensuing loss clause "operates to carve out an exception to a policy exclusion.").

Accordingly, the undersigned finds and concludes that while Defendant has met its burden to show an exclusion applies, Plaintiff has also met its burden to show an exception restores coverage, necessitating the presentation of this matter to a jury for determination of the precise extent of the damage. Because the exception applicable here covers all damage to the roof that predated the June 19, 2020 storm as listed in Defendant's brief, (ECF 41 at 12–13), Plaintiff cannot

logically be made to apportion damages, thereby rendering the concurrent causation doctrine inapplicable.[2]

### ii. Extracontractual Claims

#### A. Unfair Settlement Practices

Defendant next moves for summary judgment on Plaintiff's extracontractual claims. (*Id.* at 21). Because the undersigned recommends Defendant's Motion as to the breach of contract claim be denied, its first argument, that extracontractual claims necessarily fail without an underlying breach, is unsuccessful.

The undersigned now turns to Defendant's argument that it is entitled to summary judgment as to Plaintiff's unfair settlement practices claim because there is a *bona fide* dispute. (*Id.* at 22). Insurers have a duty of good faith and fair dealing. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50 (Tex. 1997). Insurers breach that duty, under § 541.060(a)(2)(A) of the Texas Insurance Code, when they know or should have known they have no reasonable basis for denying or delaying the claim. *Id.* at 50–51. Importantly, "a court may only grant summary judgment when there is no conflict in the evidence." *Id.*; *see also Bible Baptist*, 2023 WL 1931912, at *9.

There is a somewhat fine needle to be threaded on this question. In the previous section, the undersigned concluded that Defendant had met its burden to show an exclusion was applicable, but so too had Plaintiff as to an exception. *See* discussion *supra* Section III.a.i. But Defendant's

---

[2] Defendant characterizes the condition of the roof prior to the June 19, 2020 storm that instigated this action variously as "cracking," "maintenance and/or installation deficiencies," "blisters and wrinkles," and "deterioration." (ECF 41 at 12–13). Each of these descriptors fall within the excluded causes of loss listed in 2.d.(1) through (7), (ECF 42 at 71), meaning the exception invoked by Plaintiff swallows all deficiencies in the roof alleged by Defendant.

responsibility to provide coverage only arises when hail or wind damage is exacerbated by wear and tear or any of the other causes listed in 2.d.(1) through (7). Consequently, if a jury were to conclude that the June 19, 2020 storm caused damage of a *de minimis* nature, the exception would not be applicable. There is ample evidence for both parties to present to a jury on whether and the extent to which the roof was damaged by the storm. Only if a jury finds in the affirmative on both issues could Plaintiff recover. So, although Plaintiff has adduced sufficient evidence to show an exception is applicable, the sheer volume of evidence as to the pre-existing condition of the roof requires a finding in Defendant's favor as to Plaintiff's unfair settlement practices claim under § 541.060(a)(2)(A) because there was indeed a reasonable basis to question coverage.[3]

### B.  Misrepresentation

To state a claim for misrepresentation under § 541.060(a)(1) of the Texas Insurance Code, an insured must present evidence of an affirmative misrepresentation by the insurer or its agent. *Sledge v. Mullin*, 927 S.W.2d 89, 94–95 (Tex. App.—Fort Worth 1996, no writ); *Wyly v. Integrity Insurance Solutions*, 502 S.W.3d 901, 907–08 (Tex. App. [14th Dist.] 2016, not pet.). An affirmative misrepresentation is made when (1) a material representation is made, (2) that is false, (3) a fact which the speaker of the representation knew, or was made with reckless lack of knowledge, (4) the representation was made with the intent that the receiving party act upon it, (5)

---

[3] It is beyond dispute that the roof of the subject property was in, at best, questionable condition at the time of the June 19, 2020 storm. However, Defendant elected to insure such a roof by issuing the insurance policy and cannot claim ignorance as to the condition because it required Plaintiff to make repairs as a condition of maintaining the policy. (ECF 41 at 8). It stands to reason then that in choosing to issue the policy it did, which excludes such things as wear, tear, and deterioration, except if those causes work in tandem with a covered cause of loss like hail, Defendant affirmatively elected to bear the increased risk of insuring a roof in such condition.

the receiving party did so act, and (6) an injury resulted. *Formosa Plastics Corp. v. Presidio Engrs. & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

Defendant contends that it is entitled to summary judgment because no employee or representative of Plaintiff directly interacted with an employee or representative of Defendant. (ECF 41 at 27). Defendant further avers, without any evidence, that Plaintiff was mistaken about coverage provided by the policy, a fact that is not recoverable. (*Id.*). For evidence of a misrepresentation, Plaintiff points to Defendant's denial letter that characterized Climer's investigation as not yielding any evidence of hail damage. (ECF 48 at 36).

Defendant's assertion that it never communicated with Plaintiff and thus never could have uttered a misrepresentation misses an important fact: Defendant communicated *directly* with Plaintiff through a coverage denial letter that contained at least two statements that a jury could find to be demonstrably false. First, Defendant stated that "Mr. Climer inspected the property and reported he was unable to definitively find any hail damage." (ECF 39-7 at 1). Yet, Climer's report reads, "vent caps did have hail indentations on them," and "it is our opinion that there is limited damages from recent hail…" (ECF 42 at 116). Second, Defendant quoted extensively from the policy to justify its denial decision but edited the excerpts to leave out the exclusion Plaintiff cites to successfully defeat summary judgment. (ECF 39-7 at 2–3); *see also* discussion *supra* Section III.a.i. In the undersigned's view, Defendant's choices to mischaracterize Climer's report and selectively quote the policy could raise the spectre of misrepresentation. Accordingly, the undersigned recommends Defendant's Motion be denied as to that claim.[4]

---

[4] Defendant has filed a Motion for Leave to File Objections and Motion to Strike the affidavits filed by

b. **Plaintiff's Motion for Partial Summary Judgment**

Plaintiff moves for partial summary judgment on multiple of Defendant's affirmative defenses, including the policy's cosmetic damage exclusion, failure to mitigate, unclean hands, failure to give timely notice, waiver and estoppel, and lack of pre-suit notice. (ECF 38).

While Plaintiff makes the correct legal incantations to justify its Motion, it is clear that, in substance, it is little more than a 'no-evidence' motion of the type typical in Texas state courts. Such motions are not recognized in federal court. *Fulcrum Enterprises*, 20 F. Supp. 3d at 602. Throughout the Motion, Plaintiff asserts, as to each affirmative defense it moves on, that Defendant has no evidence to support its assertion at trial and, as such, Plaintiff is entitled to summary judgment, all the while disguising its arguments as a lack of dispute of material fact. This is particularly true with regard to the cosmetic damage exclusion. Plaintiff begins by asserting that invoking the exclusion is Defendant's burden to bear, before stating, "it has no evidence to support the exclusion applies." (ECF 38 at 11).

While Plaintiff is correct that Defendant does bear such a burden at trial, when it comes to a summary judgment motion, Plaintiff bears the burden to "demonstrate the absence of genuine factual issues." *Fulcrum Enterprises*, 20 F. Supp. 3d at 602. Simply asserting Defendant has no evidence to support its pled defenses is not adequate.[5] *Greinstein v. Granite Services*

---

Plaintiff of Lee Blakeney, Chad Williams, and Rick Nelson in support of its response to Defendant's Motion for Summary Judgment. (ECF 55). Because the complained-of affidavits do not factor into the undersigned's analysis of the various Motions, it is recommended that the Motion for Leave be denied as moot.

[5] In its Motion, Plaintiff devotes considerable energies to, apparently, rebutting anticipated arguments from Defendant on the cosmetic damage exclusion, arguing Luis Espino's expert opinions cannot be used to prove the exclusion is applicable. (ECF 38 at 11–16). This is not a sufficient basis because Plaintiff uses its arguments against Espino to mask the bottom line of its argument: Defendant has not designated an expert to testify on the exclusion nor did it produce a report on the exclusion. As Defendant points out in response, Defendant does not necessarily

*International, Inc.*, 2023 WL 3264049, at *5 (N.D. Tex. May 4, 2023) (Reno, J.), *findings, conclusions, and recommendation adopted by* 2023 WL 3933079 (N.D. Tex. Jun. 9, 2023) (Kacsmaryk, J.). Accordingly, the undersigned recommends Plaintiff's Partial Motion for Summary Judgment be denied.

## IV.     CONCLUSION AND RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that:

1. Defendant's Motion for Summary Judgment, (ECF 40), be granted in part and denied in part, as explained herein;

2. Plaintiff's Motion for Partial Summary Judgment, (ECF 37), be denied; and,

3. Defendant's Motion for Leave to File Objections and to Strike Affidavits, (ECF 55), be denied as moot.

## V.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 14, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

have to use expert testimony in that regard, if it believes it can present its position without such testimony. (*See generally* ECF 51). In sum, the undersigned is of the opinion that this bears all the hallmarks of a 'no-evidence' motion.

## *  <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).